UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL MCCOY | CIVIL ACTION |
| VERSUS | NO. 19-11114 |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") for summary judgment.[1] Plaintiff Michael McCoy did not file an opposition to the motion.[2] Having considered BP's memorandum, the record, and the applicable law, the Court finds that summary judgment dismissing McCoy's suit is warranted because McCoy has not produced an expert report, which is required to prove his toxic-tort claim.

### I. BACKGROUND

This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. On January 11, 2013, U.S. District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"). *See Brown v. BP Expl. & Prod. Inc.*, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019). The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who

---

[1] R. Doc. 24.
[2] BP's motion for summary judgment was noticed for submission on July 16, 2020. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days (excluding legal holidays) before the noticed submission date, which in this case was July 8, 2020.

follow procedures outlined in the MSA, to sue BP for later-manifested physical conditions ("LMPC"). *Id.* The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from ... exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.

*Id.*

McCoy alleges that he was exposed to "oil, other hydrocarbons, and other substances released from the MC252 Well, Corexit EC9500, Corexit EC9527, and other dispersants and decontaminants used" while he worked as a clean-up worker in response to the Deepwater Horizon oil spill.[3] On December 25, 2013, McCoy was diagnosed with body aches, shortness of breath, pneumonia, and abscess.[4] McCoy alleges that these medical conditions were "legally and proximately caused by his exposure to the substances and chemicals involved in the *Deepwater Horizon* incident."[5]

BP does not dispute that McCoy was an oil-spill clean-up worker or that he is a member of the MSA class.[6] BP also does not dispute that McCoy's alleged conditions, diagnosed after April 16, 2012, fit within the MSA's definition of a LMPC.[7] Rather, BP argues that it is entitled to summary judgment because McCoy has not submitted an expert report and, thus, cannot prove that his alleged medical conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill.[8]

---

[3] R. Doc. 8 at 3.
[4] *Id.*
[5] *Id.*
[6] *See* R. Doc. 24-1 at 1.
[7] *Id.* at 1-2.
[8] *Id.* at 4-5.

II.   **LAW & ANALYSIS**

   A. **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).  The substantive law identifies which facts are material. *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence.  *See Delta & Pine Land Co. v.*

3

*Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial.  *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### B. BP's Motion for Summary Judgment

Pursuant to the MSA, a plaintiff bringing a BELO lawsuit for a LMPC must prove the following elements:

> (i) The fact of the diagnosis, *i.e.* whether the class member was correctly diagnosed with the alleged LMPC;
>
> (ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its

appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

(iii) The level and duration of the class member's exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

(iv) Whether the class member's alleged LMPC was legally caused by his or her exposure to oil, other hydrocarbons and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities;

(v) Whether any alternative cause exists for the alleged later manifested physical condition; and

(vi) The amount, if any, of compensatory damages to which the class member is entitled.

*Legros v. BP Am. Prod. Co.*, 2018 WL 4853713, at *2-3 (E.D. La. Oct. 5, 2018). Thus, although a BELO plaintiff need not prove liability to recover damages, he or she must prove that exposure to oil or other substances legally caused his or her physical condition. *Id.* at *3.

Generally, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation." *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)). Expert testimony is required to establish causation in toxic-tort cases where "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden" of proof. *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).

5

The scheduling order in this case required McCoy to produce to BP his expert reports by June 29, 2020.[9]  To date, McCoy has not produced any expert reports to BP.  Further, there is no evidence before the Court related to McCoy's medical condition or his December 25, 2013 diagnosis, or discussing harmful levels of exposure for the chemicals at issue or the quantities of those chemicals to which McCoy was exposed while he worked cleaning up the oil spill.  Therefore, McCoy has not put forward sufficient evidence to prove causation or even to place it at issue.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that BP's motion for summary judgment (R. Doc. 24) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 9th day of July, 2020.

                                                       BARRY W. ASHE
                                                       UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 18 at 3.